## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

SAMUEL ANTWON WATSON,

     Plaintiff,

v.                                                          Case No.  5:21-cv-23-TKW/MJF

CENTURION, *et. al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's complaint, the undersigned recommends that this action be dismissed for maliciousness, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.[1]

## I. BACKGROUND

Plaintiff, Samuel Antwon Watson, DC # T08207, is an inmate of the Florida Department of Corrections ("FDC"). He commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Construed liberally, Watson asserts a claim of deliberate

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

indifference to his serious medical needs against Centurion and a claim of negligence against Dr. T. Jetton.

## II.  DISCUSSION

### A.  <u>Screening of Plaintiff's Complaint</u>

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure

to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

## B.    <u>Plaintiff's Disclosures</u>

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation in state and federal courts. The complaint form advises that "***Failure to disclose all prior cases may result in the dismissal of this case***." (Doc. 1 at 11) (emphasis in original).

On page 9 of the complaint form, Question A asks, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" (*Id.*). Plaintiff responded "No." He did not disclose any cases.

Also on page 9 of the complaint form, Question B asks, "Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?" (*Id.*). Plaintiff responded "No" and did not disclose any cases. (*Id.*).

On page 10 of the complaint form, Question C asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" Plaintiff responded "No." He did not disclose any cases. Plaintiff thereby indicated that he had not filed any other lawsuit in a federal or state court.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including continuation pages) is true and correct." (Doc. 1 at 11).

## C.   Plaintiff's Omission

The court takes judicial notice that, at the time he filed his complaint in this case, Plaintiff had initiated a habeas proceeding pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida, which Plaintiff should have disclosed in response to Question C. This case is *Watson v. Florida*, No. 8:09-cv-02167-JSM-TBM (M.D. Fla. Oct. 22, 2009). This case is attributable to Plaintiff insofar as it bears his FDC inmate number: T08207. He failed to disclose this habeas action in his complaint. Plaintiff's omission, therefore, violated his duty of candor to this court.

## D.   Materiality of Plaintiff's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989); *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See*

*Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case***." (Doc. 1 at 11) (emphasis in original).

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer

to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.    The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[2] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under § 1983 brought in Florida is four years. *Id.*; *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2. Plaintiff alleges the incidents in his complaint began on September 2, 2019. (Doc. 1 at 5). Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at 819. Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.     This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2.     The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 6th day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**